**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Richard W. DeBusk,          ) | No. CV 06-0324-PHX-NVW |
|                             ) |  |
|         Plaintiff,          ) | **ORDER** |
|                             ) |  |
| vs.                         ) |  |
|                             ) |  |
|                             ) |  |
| Wachovia Bank, et al.,      ) |  |
|                             ) |  |
|         Defendants.         ) |  |
|                             ) |  |

Pending before the court are Defendant Guglielmo & Associates' Application for Fees and Costs (Doc. # 77) and Defendant Capital One Auto Finance's Motion for Attorney's Fees (Doc. # 78).

**I.     Background**

Plaintiff Richard W. DeBusk ("DeBusk") is the former owner of Pollution Solution, a sole proprietorship that marketed and sold air purification systems in North Carolina from November 1998 to February 2002. Defendants are Wachovia Bank, MBNA Bank, Bank of America Corporation, Capital One Auto Finance ("Capital One"), Advanta Financial Corporation, ChoicePoint Services, Inc. ("ChoicePoint"), World Financial Network National Bank, Guglielmo & Associates ("Guglielmo"), and Wells Fargo Bank.

One aspect of this case concerns whether Defendant Capital One improperly accessed DeBusk's consumer credit report. On October 19, 2003, DeBusk applied for an automotive loan with Capital One. In February 2004, he noticed that Capital One had inquired into his

credit history, so he sent a certified letter to Capital One requesting information regarding the purpose of the inquiry. DeBusk did not receive a response.

An unrelated aspect of the case concerns Defendant Guglielmo's effort to collect a debt incurred by DeBusk while doing business as Pollution Solution. Between June 26 and November 6, 2004, United Parcel Service ("UPS") made numerous deliveries on behalf of Pollution Solution totaling $3,748.57. The name on the account under which these deliveries were made was "Richard DeBusk, D/B/A Pollution Solution." Doc. # 55, Exhibit B. Nevertheless, when payment became due, DeBusk refused to pay. On April 13, 2005, UPS assigned the debt to RecovAr, which in turn retained Guglielmo & Associates for collection. Both RecovAr and Guglielmo sent correspondence to DeBusk notifying him of RecovAr's intention to collect. On May 14, 2005, DeBusk responded by denying the debt and threatening claims under the Fair Debt Collection Practices Act if RecovAr made further collection efforts. Nine months later, on February 15, 2006, an individual identifying himself as an attorney for Guglielmo allegedly contacted DeBusk to explain that RecovAr would file suit against him, have his wages garnished, and have him arrested if payment was not tendered immediately.

On February 15, 2006, acting pro se, DeBusk filed an amended complaint against Defendants under the Fair Credit Reporting Act and Fair Debt Collection Practices Act. DeBusk alleged that Capital One obtained his credit report without a permissible purpose in violation of 15 U.S.C. § 1681b. DeBusk also alleged that Guglielmo & Associates violated 15 U.S.C. §§ 1692c, 1692e, and 1692g by attempting to collect a debt of disputed validity and making false representations in the course of its collection efforts. Similar claims were brought against the remaining defendants.

The scope of the lawsuit narrowed considerably after the filing of the amended complaint. Between March and July 2006, DeBusk voluntarily dismissed with prejudice his claims against Defendants Advanta Financial Corporation, Wachovia Bank, and World Financial Network. Plaintiff settled with Defendant Wells Fargo in July 2006. Against

1 Defendants MBNA Bank, Bank of America, and Capital One, default judgments were
2 entered. Doc. ## 39, 41.

3 In the motion for default judgment against Capital One, DeBusk represented that the
4 entry of default was warranted because "Capital One . . . [had] failed to respond or otherwise
5 answer [the] Complaint." Doc. # 22. DeBusk certified by affidavit that, after receiving an
6 executed waiver of service from Capital One on February 10, 2006, he "had no further
7 contact from Defendant, and Defendant [had] not answered [the] Complaint or otherwise
8 responded." *Id.* at Exhibit A. Default was therefore entered on April 18. The next day,
9 DeBusk moved for default judgment against Capital One for $1040.00 and an injunction
10 against further violations of his rights under the Fair Credit Reporting Act. The motion again
11 alleged that Capital One had "failed to plead or otherwise defend against the Complaint,"
12 Doc. # 26 at 2, and an attached affidavit again certified that DeBusk had "no further contact
13 from [Capital One]" after the waiver of service of summons on February 10. *Id.* at Exhibit
14 A. Accepting the veracity of DeBusk's sworn statements, this court granted the motion on
15 April 19 and entered Capital One's default in the amount of $1,000 plus taxable costs. Doc.
16 ## 27-28.

17 Capital One subsequently moved to set aside the default judgment under Federal Rule
18 of Civil Procedure 60(b) on the ground that its failure to answer the amended complaint had
19 been directly caused by DeBusk. First, Capital One established that it had not responded to
20 the complaint because of a representation made by DeBusk via email on February 15. After
21 receiving the complaint, Capital One emailed DeBusk on February 14, 2006, to explain that
22 his claim under 15 U.S.C. § 1681b lacked merit. The email stated that because DeBusk had
23 applied for a car loan with Capital One, it had a permissible reason to access his credit report.
24 DeBusk responded by email on February 15, stating that he "would be happy to resolve" the
25 dispute if Capital One would provide him with documentation in support of its position.
26 Doc. # 48, Exhibit E. Capital One obliged the next day by sending copies of the loan
27 documents to DeBusk. Capital One took no additional action because it received no further
28 communication from DeBusk and believed the dispute had been resolved.

1    Capital One also argued that DeBusk had deliberately induced its delayed response
2 to the motion for default judgment by sending notice of the application for default to Capital
3 One's statutory agent in California, rather than directly to Capital One in Virginia.  It
4 contended that where DeBusk had previously communicated exclusively with Capital One's
5 counsel in Virginia, received emails listing Capital One's Virginia address, and received an
6 executed waiver of service of summons listing the Virginia address, there was no reason
7 other than deliberate deception to send the notice to California, a state otherwise entirely
8 unconnected with the instant litigation.  Because of DeBusk's failure to provide proper
9 notice, Capital One did not become aware that it was in default until several weeks after the
10 judgment was entered.

11    For these reasons, in an order dated June 13, 2006, the default judgment was set aside
12 in accordance with Federal Rule of Civil Procedure 60(b).  Capital One showed "both fraud
13 by the Plaintiff and excusable neglect by itself, together with a meritorious defense."  Doc.
14 # 49.  Capital One answered and requested attorney's fees and costs pursuant to 15 U.S.C.
15 § 1681n(c).

16    On August 29, 2006, DeBusk retained counsel.  He voluntarily dismissed his claims
17 against Capital One and ChoicePoint one week later.  In doing so, DeBusk asserted that he
18 originally brought the claims in good faith and that he moved to dismiss them only because
19 it became evident that he could not prove them without "extreme litigation costs."  Doc. #
20 67 at 4.

21    DeBusk's claims against Defendant Guglielmo & Associates triggered a separate
22 series of events.  Guglielmo filed an answer to the amended complaint on April 26, 2006.
23 It argued that DeBusk had failed to state a claim on which relief may be granted because the
24 disputed debt was commercial in nature and therefore not subject to the requirements of the
25 Fair Debt Collection Practices Act.  Guglielmo also requested an award of attorney's fees
26 against DeBusk on the ground that the action had been filed in bad faith.

27    On June 14, citing a new violation of the Fair Credit Reporting Act, DeBusk sought
28 leave to add an additional claim against Guglielmo.  The claim was based on Guglielmo's

alleged request for a copy of DeBusk's credit report from a consumer reporting agency. Leave to amend was granted and the second amended complaint filed on July 24, 2006.

Guglielmo subsequently moved for summary judgment, again arguing that the strictures of the Fair Debt Collection Practices Act do not apply to Pollution Solution's commercial debt. Between July 27 and September 15, Guglielmo filed a statement of facts, a reply, and a supplemental reply in support of its motion. In response, DeBusk flatly asserted that he never incurred a debt with UPS. Doc. # 65 at 2. This statement was never explained and was directly contradicted by exhibits provided by both parties documenting the existence of the disputed debt. *See* Doc. # 55, Exhibit B; Doc. # 65, Exhibit 7.

On September 18, now with counsel, DeBusk voluntarily dismissed his three claims against Guglielmo under the Fair Debt Collection Practices Act. He asserted that he had originally brought suit in good faith and had only chosen to dismiss the claims due to the "difficulty of proof." Doc. # 71 at 2. The same day, DeBusk filed a separate motion dismissing his remaining claim against Guglielmo under the Fair Credit Reporting Act. The motions were granted on September 27.

Defendants Capital One and Guglielmo now separately move for awards of fees and costs. They assert that Plaintiff's claims were frivolous and filed in bad faith. Capital One seeks $10,000 pursuant to 15 U.S.C. § 1681n(c) and the court's "inherent power to sanction." Guglielmo seeks $10,740 pursuant to 15 U.S.C. §§ 1681n(c) and 1692k(a)(3).

**II.    Analysis**

**A.    Applications for Fees and Costs Under 15 U.S.C. § 1681n(c)**

The Fair Credit Reporting Act provides that "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." 15 U.S.C. § 1681n(c). It is the burden of the party moving for fees under § 1681n(c) to demonstrate that they are warranted. *See Stiff v. Wilshire Credit Corp.*, 2005 U.S. Dist. LEXIS 26356, at *4 (D. Ariz. Nov. 1, 2005). Fees

- 5 -

1 cannot be awarded simply because a party prevails in the litigation. *Edge v. Prof'l Claims Bureau*, 64 F. Supp. 2d 115, 119 (E.D.N.Y. 1999). The term "bad faith" requires "not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Shipley v. Trans Union Corp.*, 2006 U.S. Dist. LEXIS 34105, at *6 (W.D. Wash. May 25, 2006).

### 1. Capital One

Capital One has proven that DeBusk moved for default judgment in bad faith. On April 17 and 19, 2006, he defrauded both Capital One and this court by certifying in two affidavits that he had no contact with Defendant after February 10, 2006, and that Capital One had failed to respond in any fashion to the amended complaint. These sworn statements, on which the April 19 default judgment relied, were contrary to facts known by DeBusk at the time and established in exhibits now proffered by both parties. Capital One in fact emailed DeBusk personally on February 14 to discuss the merits of his claim. DeBusk then personally responded by email on February 15 by stating that he "would be happy to resolve" the lawsuit if Capital One would simply mail him a copy of his car loan application. Capital One obliged by sending the copy on February 16. *See* Doc. # 43, Exhibit B at 2; *see also id.* at Exhibits D-F; Doc. # 44, Exhibits B-D. Because intentional deception constitutes bad faith, *Lewis v. Trans Union, LLC*, 2006 U.S. Dist. LEXIS 76242, at *10-11 (N.D. Ill. Sept. 29, 2006), fees and costs are warranted in favor of Capital One.

Other circumstances also support the conclusion that DeBusk's entire lawsuit against Capital One was in bad faith. First, DeBusk was unable to articulate any colorable basis for his claim against Capital One before or after he filed it. Notwithstanding clear documentation to the contrary, he simply asserted that he had not submitted a loan application to Capital One. When Capital One produced a copy of an email establishing that Plaintiff had in fact applied for a loan, he baldly asserted that Capital One had fabricated the document. *See* Doc. # 81 at 4. As DeBusk had absolutely no basis for presuming that Capital One accessed his credit report for an impermissible purpose, fees will be awarded. *Cf. Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999) (awarding fees against a party

who brought a claim under the Fair Debt Collection Practices Act that was "utterly without factual foundation").

A conclusion of bad faith is further supported by the fact that DeBusk induced Capital One's delayed response to both the complaint and the motion for default judgment. By stating in email on February 14, 2006, that he "would be happy to resolve" the dispute if Capital One simply sent him copies of the loan application, DeBusk caused Capital One to believe that the dispute would be resolved upon satisfaction of the request. It was deceptive for DeBusk to continue to pursue his claim after creating this impression. In addition, by sending notice of the application for default judgment to Capital One's agent in California, DeBusk prevented Capital One from learning of the application in a timely manner. This action was deceptive in light of the fact that DeBusk had previously dealt exclusively with Capital One's counsel in Virginia. Similar behavior has supported a finding of bad faith in other circumstances. *See Shipley*, 2006 U.S. Dist. LEXIS 34105, at *6.

Capital One's request for an award pursuant to the court's inherent power to correct abuses is also well founded, but the court will not elaborate on that ground in light of the obvious justification for an award under 15 U.S.C. § 1681n(c).

### 2. Guglielmo & Associates

An award under 15 U.S.C. § 1681n(c) is also required in relation to DeBusk's claim against Guglielmo under the Fair Credit Reporting Act. DeBusk alleged that Guglielmo violated 15 U.S.C. § 1681b by obtaining DeBusk's consumer report without permissible purpose. As with his claim against Capital One, DeBusk failed to explain the basis for this allegation or offer any supporting evidence, and he ultimately dismissed the claim with prejudice after Guglielmo fully briefed a motion for summary judgment. DeBusk's unsupported claim against Guglielmo under § 1681b stands as yet another indicium of bad faith. *Chaudhry*, 174 F.3d at 411.

### B.   Guglielmo's Application for Fees under 15. U.S.C. § 1692k(a)(3)

15 U.S.C. § 1692k(a)(3) provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may

1  award to the defendant attorney's fees reasonable in relation to the work expended and
2  costs." Section 1692k(a)(3) has been interpreted to permit an award of fees and costs in the
3  same circumstances in which they would required under § 1681n(c). *See Shah v. Collecto,*
4  *Inc.*, 2005 U.S. Dist. LEXIS 19938 (D. Md. Sept. 12, 2005).

5  An award of fees and costs under 15 U.S.C. § 1692k(a)(3) is justified for Defendant
6  Guglielmo. From the very beginning, it was clear that DeBusk's claims lacked any basis in
7  law or fact. The strictures of the Fair Debt Collection Practices Act do not apply to
8  commercial debts. *Bloom v. I.C. System, Inc.*, 972 F.2d 1067 (1992). DeBusk knew when
9  he incurred the original debt to UPS that he did so as Pollution Solution, a commercial
10 enterprise. DeBusk's business is explicitly listed on the name of the UPS account, and he
11 never made an effort to change that information. Additionally, DeBusk failed to articulate
12 any basis for his bare allegation of misrepresentation against Guglielmo. At no point was
13 there a plausible claim for liability in light of the known facts.

14 The frivolous nature of Plaintiff's claims under the Fair Debt Collection Act is
15 corroborated by the generic assertions he made in correspondence with RecovAr and
16 Guglielmo. In a letter dated May 14, 2005, Plaintiff asserted that collection of the disputed
17 UPS debt would violate the Act. Doc. # 55, Exhibit C. However, he never articulated the
18 basis for that assertion. A letter dated May 19 similarly cited to § 809 of the Act without
19 explaining how Defendant acted improperly under the statute. *Id.*

20 The pleadings were also consistently bereft of a plausible theory of relief in light of
21 known facts. The amended complaint contained nothing but blanket allegations of liability.
22 *See* Doc. # 53. In response to Guglielmo's motion for summary judgment, DeBusk did
23 nothing more than assert, contrary to facts clearly established in exhibits provided by both
24 parties, that the disputed debt did not exist and that, if it did, it was not commercial in nature.
25 *See* Doc. # 65. DeBusk cannot expect to escape liability under 15 U.S.C. § 1681n(c) when
26 he has repeatedly forced Defendant to respond to baseless allegations abundantly
27 contradicted by the only credible evidence. *Cf. Jacobson v. Healthcare Fin. Servs., Inc.*, 434
28 F. Supp. 2d 133, 141 (E.D.N.Y. 2006) (awarding fees against a plaintiff in similar

circumstances). In conjunction with Plaintiff's other conduct, the filing of unsupported claims against Guglielmo under the Fair Debt Collection Practices Act is nothing other than an act of bad faith.

### C. Reasonableness of the Fee Requests

If bad faith and a purpose of harassment are present under 15 U.S.C. § 1681n(c) or § 1692k(a)(3), fees and costs may be award as long as the movant demonstrates that they are reasonable in amount. Reasonable fees are those that would normally be billed to a paying client. *Mayle v. Equifax Info. Servs., Inc.*, 2006 U.S. Dist. LEXIS 6000, at *6 (N.D. Ill. Feb. 14, 2006). "The defendants bear the burden of demonstrating that their request for fees is reasonable, and must submit evidence supporting the hours worked and rates claimed." *Id.* Because DeBusk acted in bad faith and for the purpose of harassment in filing claims against Capital One and Guglielmo, fees and costs will be awarded to the extent reasonable.

#### 1. Capital One

Capital One has requested $10,000 in fees and costs in compliance with Local Rules of Civil Procedure 54.1 and 54.2. Plaintiff has not contested the amount of this request, and Capital One has documented that it actually incurred $24,877 in attorney's fees and costs. The $10,000 request is less than what Capital One has proven to be reasonable and will be awarded in full.

#### 2. Guglielmo & Associates

Guglielmo & Associates has requested $10,740 if fees and costs in compliance with Local Rules of Civil Procedure 54.1 and 54.2. Plaintiff has not contested the amount of this request, and Guglielmo has provided documentation demonstrating that it incurred this amount. Because the itemized expenses are proven to have been necessary to Guglielmo's defense and reasonable in amount, the request for $10,740 will be granted.

IT IS THEREFORE ORDERED that Defendant Capital One Auto Finance's Motion for Attorney's Fees (Doc. # 78) is GRANTED.

IT IS FURTHER ORDERED that Defendant Guglielmo & Associates' Application for Fees and Costs (Doc. # 77) is GRANTED.

1   IT IS FURTHER ORDERED that the clerk enter judgment pursuant to Fed. R. Civ.
2  P. 54(d) and L.R.Civ. 54.2 in favor of Defendant Capital One Auto Finance against Plaintiff
3  Richard DeBusk for $10,000.00, plus interest at the federal rate from the date of judgment
4  until paid.

5   IT IS FURTHER ORDERED that the clerk enter judgment pursuant to Fed. R. Civ.
6  P. 54(d) and L.R.Civ. 54.2 in favor of Defendant Guglielmo & Associates against Plaintiff
7  Richard DeBusk for  $10,740.00, plus interest at the federal rate from the date of judgment
8  until paid.

9   DATED this 16th day of November 2006.

_____
Neil V. Wake
United States District Judge